UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**DANIEL ANTHONY PEACE**,

                Plaintiff,

v.                                              **Case No. 14-cv-1416-pp**

**WARDEN PAUL KEMPER, LISA AVILA,
ROBIN DIEBOLD, KIMBERLY ENGEL,
CO JONES, CO II LAMKE,
TERRY ZIEM, CO JOHN DOE 1, and
CO JOHN DOE 2,**

                Defendants.

---

**DECISION AND ORDER DENYING PLAINTIFF'S MOTION TO AMEND COURT FILING FEES (DKT. NO. 30) AND GRANTING DEFENDANTS' MOTION TO STAY DISCOVERY ON THE MERITS (DKT. NO. 38)**

---

On September 15, 2015, the court screening the plaintiff's amended complaint and allowed him to proceed on Eighth and Fourteenth Amendment claims regarding the dissemination of information about the plaintiff's sexual assault, as well as First Amendment retaliation claims. Dkt, No. 25. The defendants have filed a motion to dismiss the plaintiff's retaliation claim and a motion for partial summary judgment on exhaustion grounds. Dkt. Nos. 31, 34). Both of these motions are fully briefed, but the court will address them in a separate order. There are two other motions pending in this case, the plaintiff's motion to amend court filing fees and the defendants' motion to stay discovery on the merits, which the court will address here.

1

## I. Motion to Amend Court Filing Fees

On November 6, 2015, the plaintiff filed a motion to amend court filing fees in three of his pending cases. Dkt. No. 30. He notes that he is charged twenty percent of his income for each of the three cases, and asks for a court order either combining the filing fees or allowing the filing fees to be paid one after another rather than concurrently. The plaintiff argues that he needs access to legal research tools and supplies, both for his own cases (which include a mandamus action in Milwaukee County Circuit Court), and his assistance to other individuals with civil and criminal litigation. He indicates that he also must purchase health care products with the funds in his trust account.

The court does not have the discretion to do what the plaintiff asks. Under 28 U.S.C. § 1915(b)(2), "[a]fter payment of the initial partial filing fee, the prisoner **shall be required** to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." (Emphasis added.) This provision applies to each complaint or appeal the plaintiff files. The statute does not allow the court the discretion to modify the collection requirement. The court also notes that the fact that the plaintiff chooses to use some of his prison income to pay for cases he has filed in state court is not relevant to whether he has to pay the federal filing fees.

Additionally, the court notes that the plaintiff seems to be using his own funds to pay for case law, papers, pens and correction tape to help other inmates with their criminal and civil cases. If the plaintiff does not have

2

Case 2:14-cv-01416-PP   Filed 02/10/16   Page 2 of 4   Document 46

## I. Motion to Amend Court Filing Fees

On November 6, 2015, the plaintiff filed a motion to amend court filing fees in three of his pending cases. Dkt. No. 30. He notes that he is charged twenty percent of his income for each of the three cases, and asks for a court order either combining the filing fees or allowing the filing fees to be paid one after another rather than concurrently. The plaintiff argues that he needs access to legal research tools and supplies, both for his own cases (which include a mandamus action in Milwaukee County Circuit Court), and his assistance to other individuals with civil and criminal litigation. He indicates that he also must purchase health care products with the funds in his trust account.

The court does not have the discretion to do what the plaintiff asks. Under 28 U.S.C. § 1915(b)(2), "[a]fter payment of the initial partial filing fee, the prisoner **shall be required** to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." (Emphasis added.) This provision applies to each complaint or appeal the plaintiff files. The statute does not allow the court the discretion to modify the collection requirement. The court also notes that the fact that the plaintiff chooses to use some of his prison income to pay for cases he has filed in state court is not relevant to whether he has to pay the federal filing fees.

Additionally, the court notes that the plaintiff seems to be using his own funds to pay for case law, papers, pens and correction tape to help other inmates with their criminal and civil cases. If the plaintiff does not have

## I. Motion to Amend Court Filing Fees

On November 6, 2015, the plaintiff filed a motion to amend court filing fees in three of his pending cases. Dkt. No. 30. He notes that he is charged twenty percent of his income for each of the three cases, and asks for a court order either combining the filing fees or allowing the filing fees to be paid one after another rather than concurrently. The plaintiff argues that he needs access to legal research tools and supplies, both for his own cases (which include a mandamus action in Milwaukee County Circuit Court), and his assistance to other individuals with civil and criminal litigation. He indicates that he also must purchase health care products with the funds in his trust account.

The court does not have the discretion to do what the plaintiff asks. Under 28 U.S.C. § 1915(b)(2), "[a]fter payment of the initial partial filing fee, the prisoner **shall be required** to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." (Emphasis added.) This provision applies to each complaint or appeal the plaintiff files. The statute does not allow the court the discretion to modify the collection requirement. The court also notes that the fact that the plaintiff chooses to use some of his prison income to pay for cases he has filed in state court is not relevant to whether he has to pay the federal filing fees.

Additionally, the court notes that the plaintiff seems to be using his own funds to pay for case law, papers, pens and correction tape to help other inmates with their criminal and civil cases. If the plaintiff does not have

enough money to fund his own litigation, he should not be spending his money assisting other inmates with theirs.

The court will deny the plaintiff's motion to amend the court filing fees.

## II. Motion to Stay Discovery on the Merits

After filing their motion to dismiss and their motion for partial summary judgment, the defendants filed a motion asking the court to stay all discovery on the merits of the plaintiff's claims pending a decision on those motions. Dkt. No. 38. The defendants seek relief from extensive discovery requests the plaintiff served them with just days after they filed their motions.

In <u>Pavey v. Conley</u>, 544 F.3d 739, 742 (7th Cir. 2008), the United States Court of Appeals for the Seventh Circuit "emphasize[s] that in the ordinary case discovery with respect to the merits should be deferred until the issue of exhaustion is resolved." This is not the kind of exceptional case "in which expeditious resolution of the litigation requires that some discovery be permitted before the issue of exhaustion is resolved." <u>Id.</u>

Additionally, a pleading that fails to state a claim under Fed. R. Civ. P. 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678-79 (2009). If, based on the defendants' motion, the plaintiff is not allowed to proceed on a retaliation claim, he should not be able to conduct discovery.

At this stage, with the motion to dismiss and the motion for partial summary judgment fully briefed, the court agrees that there is no need for the parties to engage in discovery on the merits of the plaintiff's claim. The court

3

will allow discovery to begin again if and when the court denies the motion to dismiss.

## III. Conclusion

The court **DENIES** the plaintiff's motion to amend court filing fees. Dkt. No. 30. The court **GRANTS** the defendants' motion to stay discovery on the merits. Dkt. No. 38. The court will issue a separate order regarding the defendants' motion to dismiss plaintiff's retaliation claim and their motion for partial summary judgment on exhaustion grounds.

Dated in Milwaukee, Wisconsin this 10th day of February, 2016.

BY THE COURT:

HON. PAMELA PEPPER
United States District Judge